The opinion of the court was delivered by
TilghmaN, C. J.
"This is an action brought by Jacob Lehn, against the administrator of Jonathan Lehn, deceased, to recover eighty dollars, lent by the plaintiff to the intestate in his life time.
The plaintiff proved the loan of the money; on which the defendant offered in evidence, a bond from the plaintiff to Jonathan Lehn, (dated, subsequent to the loan,) for the'sum of $199 23, (which was admitted to have been executed by the' plaintiff.) The defendant offered also in evidence a receipt indorsed on the said bond, for the sum of $>85, and another indorsement, by which it appeared that suit had been brought on the bond in Franklin county to August ■term, 1811. To all this evidence the counsel for the plaintiff objected, and on its being admitted, excepted to the court’s opinion. The bond, with the receipt for $>85, was evidence, because they were in affirmance of -the defendant’s plea of payment. The. sum of $85, was about the amount of $>80, (the money lent by the plaintiff to Jonathan Lehn,) with interest from the time of lending. It was highly probable, therefore, that the receipt indorsed on the bond, was intended as an extinguishment of the loan. But this in-dorsement, mentioning that suit had been brought on the bond, was not evidence, because the record was better evidence of the bringing of the suit.
The defendant then offered in evidence, his own administration accotmt on the estate of Jonathan Lehn, in order to show, that he had charged himself with no more than the sum of $139 71, on account of the debt due from the plaintiff on his bond to Jonathan Lehn. This evidence was also excepted to. The evidence would have been in accordance' with the receipt for #85,'indorsed on the bondbecause, if nothing had been paid, there would havé been a larger" sum than $139 71, due on the bond. But it was not legal evidence, because the . exhibition of the administration account was the act of the defendant himself. It amounted to no more than his own assertion, and was not evidence for himself in the present action. The judgment must therefore be reversed, and a venire de novo awarded. At the same time, I cannot heip saying, that the bond, with the receipt indorsed, without any other evidence, seem quite sufficient to defeat the plaintiff’s action, unless he could show, that he made an actual payment of the #85 mentioned in the receipt. ’
Judgment reversed and a venire facias de nono awarded.)